**Everett E. HODGES, III,
Plaintiff-Appellant,**

v.

**The ATCHISON, TOPEKA AND SANTA
FE RAILWAY COMPANY,
Defendant-Appellee.**

**No. 82–2112.**

United States Court of Appeals,
Tenth Circuit.

Feb. 13, 1984.

Ben A. Goff, Oklahoma City, Okl., for plaintiff-appellant.

John J. Fleps, Chicago, Ill. (Ronald A. Lane, Chicago, Ill., and H.D. Binns, Jr., Oklahoma City, Okl., on brief), for defendant-appellee.

Before SETH, Chief Judge, BARRETT, Circuit Judge, and JENKINS, District Judge *.

SETH, Chief Judge.

This appeal involves the discharge of Everett E. Hodges, III by the Atchison, Topeka and Santa Fe Railway Company. Mr. Hodges was discharged during an initial probationary period because of incorrect statements in his job application. He sued Santa Fe for wrongful discharge asserting that the Rehabilitation Act of 1973 (29 U.S.C. § 793) provides for a private right of action such as he filed. Mr. Hodges appeals from the District Court's summary judgment in favor of Santa Fe.

The District Court found that Mr. Hodges could not maintain his action based directly or indirectly on § 503 of the Rehabilitation Act of 1973 because the statute does not provide for a private right of action. Furthermore, the court held that it lacked jurisdiction to entertain Mr. Hodges' claim insofar as it was based on the Railway Labor Act.

Mr. Hodges argues that a private right of action may be implied from the language of the Rehabilitation Act, which states in part:

"§ 793. Employment under Federal contracts

"(a) Amount of contracts or subcontracts; provision for employment and advancement of qualified handicapped individuals; regulations

"Any contract in excess of $2,500 entered into by any Federal department or agency for the procurement of personal property and nonpersonal services (including construction) for the United States shall contain a provision requiring that, in employing persons to carry out such contract the party contracting with the United States shall take affirmative action to employ and advance in employment qualified handicapped individuals as defined in section 706(7) of this title. . . .

"Administrative enforcement; complaints; investigations; departmental action

"(b) If any handicapped individual believes any contractor has failed or refuses to comply with the provisions of his contract with the United States, relating to employment of handicapped individuals, such individual may file a complaint with the Department of Labor. The Department shall promptly investigate such complaint and shall take such action thereon as the facts and circumstances warrant, consistent with the terms of such contract and the laws and regulations applicable thereto."

Whether § 793 creates a private right of action has been considered by several courts of appeal, all of which have concluded that neither the legislative history nor the Act in general support the inference of Congressional intent to create a private right of action. *Meyerson v. State of Arizona,* 709 F.2d 1235, 1238 (9th Cir.1983); *Davis v. United Air Lines, Inc.,* 662 F.2d 120, 123–26 (2d Cir.1981); *Simpson v. Reynolds Metals Co., Inc.,* 629 F.2d 1226, 1240–43 (7th Cir. 1980); *Rogers v. Frito-Lay, Inc.,* 611 F.2d 1074, 1080–84 (5th Cir.1980). As stated in *Rogers:*

"There is no intimation that every qualified handicapped person has a right to affirmative action in his particular case; what is apparent is that those who control federal contracts have a duty to make and enforce contracts containing designation.

* Honorable Bruce S. Jenkins, United States District Judge for the District of Utah, sitting by

the requisite clause. The handicapped may have simply the right to petition those who administer federal contracts to perform their duty."

Mr. Hodges argues that a private cause of action may be implied from the passage of 29 U.S.C. § 794a which permits an award of attorney's fees to successful litigants under Title V of the Act, which includes § 793(a):

"In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

Section 505(b), 29 U.S.C. § 794a(b).

■ Mr. Hodges cites remarks made in 1978 by Senator Cranston to show Congressional intent to create a private right of action. The court in *Rogers* said of such statement that it was a commentary and not part of the legislative history. Mr. Hodges argues also that legislative history supports the inference of a private right of action. However, under *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26, an implied right of action is only one of four requirements which must be met in order to imply a remedy. The Court in *Cort* said:

"In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff 'one of the class for whose *especial* benefit the statute was enacted,' *Texas & Pacific R. Co. v. Rigsby,* 241 U.S. 33, 39 [36 S.Ct. 482, 484, 60 L.Ed. 874] (1916) (emphasis supplied)—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? See, *e.g., National Railroad Passenger Corp. v. National Assn. of Railroad Passengers,* 414 U.S. 453, 460 [94 S.Ct. 690, 694, 38 L.Ed.2d 646] (1974) (*Amtrak*). Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? See, *e.g., Amtrak, supra; Securities Investor*

*Protection Corp. v. Barbour,* 421 U.S. 412, 423 [95 S.Ct. 1733, 1740, 44 L.Ed.2d 263] (1975); *Calhoon v. Harvey,* 379 U.S. 134 [85 S.Ct. 292, 13 L.Ed.2d 190] (1964). And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law? See *Wheeldin v. Wheeler,* 373 U.S. 647, 652 [83 S.Ct. 1441, 1445, 10 L.Ed.2d 605] (1963); *cf. J.I. Case Co. v. Borak,* 377 U.S. 426, 434 [84 S.Ct. 1555, 1560, 12 L.Ed.2d 423] (1964); *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 394–395 [91 S.Ct. 1999, 2003–2004, 29 L.Ed.2d 619] (1971); *id.,* at 400 [91 S.Ct. at 2006] (Harlan, J., concurring in judgment)."

On this point, the comprehensive remedial scheme provided in the statute dictates against implying another remedy. Mr. Hodges does not even address these other factors. We find no implied right or remedy in the statute.

We have considered Mr. Hodges' argument that he is a third-party beneficiary under the provisions in Santa Fe's federal contracts which prohibit discrimination against the handicapped, pursuant to § 503. This is but another aspect of the implied right of action argument. *See Hoopes v. Equifax, Inc.,* 611 F.2d 134, 135 (6th Cir. 1979).

Mr. Hodges further contends that the Railway Labor Act does not bar his action because it is based on a common law contract rather than a collective bargaining agreement and because the union's alleged misconduct excuses resort to the National Railroad Adjustment Board.

■ Section 3 of the Railway Labor Act, 45 U.S.C. § 153, has been interpreted to confer primary and exclusive jurisdiction of railroad employees' labor contract disputes to the National Railroad Adjustment Board and the public law boards. *Andrews v. Louisville & Nashville R. Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95; *Order of Conductors v. Pitney,* 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318. Even though Mr. Hodges

alleges breach of an employment agreement and not the collective bargaining agreement itself he is still obliged to seek relief primarily and exclusively through arbitration. *Andrews,* 406 U.S. at 322–24, 92 S.Ct. at 1564–65.

Mr. Hodges asserts that because he was not a union member the collective bargaining agreement cannot control his contract claim. However, Mr. Hodges' employment in the craft governed by the applicable collective bargaining agreement makes him subject to the terms and conditions of employment obtained in the agreement, and the collective bargaining agent was obliged to represent him. *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842; *Steele v. Louisville & Nashville R. Co.,* 323 U.S. 192, 202–04, 65 S.Ct. 226, 231–33, 89 L.Ed. 173. Thus, his union membership is irrelevant to the applicability of the collective bargaining agreement. The existence of a comprehensive federal scheme for the settlement of employer-employee disputes in the railroad industry preempts state law action for wrongful discharge. *Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367 (9th Cir.1978).

Mr. Hodges asserts that because the union breached its duty of fair representation he is excused from pursuing his claim through administrative procedures. This argument is based on the reasoning developed in "hybrid" cases in which the employee sues both the employer and the union because they allegedly combined in some way to obtain or maintain the discharge. *Richins v. Southern Pacific Co.,* 620 F.2d 761 (10th Cir.1980). In the present case Mr. Hodges neither named the union as defendant nor alleged any collusion between the union and Santa Fe to effect his discharge.

We discussed in *Richins* the proper disposition of a case involving an employer-employee dispute if the union were not named as a defendant:

> "If this suit had been brought against the Railroad only, we would have no difficulty in determining the proper disposition. The dispute between plaintiffs and the Railroad is clearly a 'minor' one—that is,

'between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions.' 45 U.S.C. § 153 First (i). As the Supreme Court has emphatically told us, 'Congress considered it essential to keep these so-called "minor" disputes within the Adjustment Board and out of the courts.'"

Thus plaintiff must pursue the administrative remedies.

AFFIRMED.