**Brock ZIMMERMAN,**
**Plaintiff–Appellant,**

**v.**

**The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY,**
**Defendant–Appellee.**

No. 88–1643.

United States Court of Appeals, Tenth Circuit.

Oct. 26, 1989.

Clyde Kirk of Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Oklahoma City, Okl., for plaintiff-appellant.

John J. Fleps and Joel W. Rice, Chicago, Ill., and H.D. Binns, Jr., Oklahoma City, Okl., for defendant-appellee.

Before HOLLOWAY, Chief Judge, SETH and BARRETT, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff, Brock Zimmerman, filed a petition in an Oklahoma state court against the Atchison, Topeka and Santa Fe Railway Company. Count I of the petition alleged, in pertinent part, that plaintiff had been discharged "in violation of protective agreements contained in a union bargaining agreement entered into between Defendant ... and the Railroad Yardmasters of America...." Count II alleged that plaintiff had been discharged in bad faith and with malicious motivation. We note that plaintiff's claims were made in connection with his demotion from the position of Assistant Trainmaster as his employment with defendant was not actually terminated.

The action was removed to the United States District Court. Defendant filed a motion for summary judgment asserting that the National Railroad Adjustment Board has exclusive jurisdiction over this as a "minor dispute" pursuant to 45 U.S.C. §§ 151, *et seq.* (the Railway Labor Act). The district court entered an order granting defendant's summary judgment motion. Plaintiff appeals from that order.

In its order, the district court found that plaintiff's complaint was based on a letter agreement which constituted a collective bargaining agreement as defined in the Act, citing *Andrews v. Louisville & Nashville R.R.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972), and *Hodges v. Atchison, Topeka and Santa Fe Ry.*, 728 F.2d 414 (10th Cir.1984).

In reviewing the propriety of summary judgment, this court must view the case in the same manner as did the district court. *Baker v. Penn Mut. Life Ins. Co.*, 788 F.2d 650 (10th Cir.1986). We must determine whether any genuine issue of material fact exists and, if not, whether the substantive law was correctly applied. Conclusory allegations do not establish an issue of fact under Rule 56. The burdens on the parties are described in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ A basic issue is, of course, whether the trial court correctly found that the May 6, 1980 letter agreement constituted a collective bargaining agreement. It is undisputed that as of the date of the letter to J.J. McDaniel he was a certified union representative of the Railroad Yardmasters of America. In May 1980, he presented to the union members employed by defendant the May 6, 1980 letter from F.L. Elterman, Vice President–Personnel and Labor Relations, for defendant. The union members voted to abandon and decertify the union, and to become exempt personnel in exchange for the benefits and terms set out in the letter. These facts are undisputed and the trial court was correct in finding the letter agreement to be a collective bargaining agreement for these purposes.

■ We agree with the district court's determination that plaintiff's suit was based on a collective bargaining agreement, but the issue remains whether under the terms of the letter a "minor" or "major" dispute was involved. Plaintiff argues on appeal that the dispute is a "major dispute" and, therefore, not subject to the Act. Although defendant submits that plaintiff's argument should not be considered because it was not raised below, however, the question whether the dispute is major or minor must be considered because the Act gives the Board exclusive jurisdiction only for minor disputes. *Union Pac. R.R. v. Sheehan*, 439 U.S. 89, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978). (Congress considered it essential to keep so-called "minor" disputes within the Adjustment Board and out of the courts.) A "minor dispute" has been defined in several cases in addition to *Hodges v. Atchison, Topeka and Santa Fe Ry.*, 728 F.2d 414 (10th Cir.).

It is a dispute which concerns the existence of rights of the parties under a labor agreement, *Elgin, J. & E. Ry. v. Burley,* 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945), and thus the interpretation or application of existing agreements. A "major dispute" is one wherein a party is trying to establish rights not even arguably contained in an agreement. *St. Louis S.W. Ry. v. Brotherhood of R.R. Signalmen,* 665 F.2d 987 (10th Cir.1981).

As indicated above, plaintiff asserted that he was discharged in violation of the protective agreements with the Railroad and in bad faith. More particularly this action taken by the Railroad in demoting plaintiff without affording him an investigatory hearing, as he requested, prior to his demotion violated the terms of the agreement set out in the letter. Plaintiff relies on paragraph 13 of that letter in which it is stated that "[a]ny prior agreed-to protective agreement will continue to be recognized." Plaintiff's position is that this language incorporated the terms of a prior bargaining agreement under which he was entitled to the requested hearing. The letter at issue further provides in paragraph 15 that "[a]ll agreements, rules, practices, interpretations, and/or understandings, however established, shall be abrogated; and the National Mediation Board will be jointly notified of such abrogation." In light of this language, defendant's refusal to afford plaintiff the investigatory hearing he requested was at least arguably justified. The dispute in this case is properly characterized as a minor dispute. *Brotherhood of Locomotive Eng'rs v. Burlington N. Ry.,* 838 F.2d 1087 (9th Cir. 1988), citing *Elgin, J. & E. Ry. v. Burley,* 325 U.S. 711, 65 S.Ct. 1282; *Brotherhood of R.R. Signalmen v. Burlington N. Ry.,* 829 F.2d 617 (7th Cir.1987). It is well established that federal courts have no subject matter jurisdiction over minor disputes. *Brotherhood of Locomotive Eng'rs.* Minor disputes are within the exclusive arbitration provisions of the Act.

The Supreme Court in *Andrews* stated that "the compulsory character of the administrative remedy provided by the Railway Labor Act ... stems not from any contractual undertaking between the parties but from the Act itself...." *Andrews,* 406 U.S. at 323, 92 S.Ct. at 1565. The *Andrews* court also stated that alleging "wrongful discharge" does not save the action from the Act's mandatory provision for the processing of grievances. *Hodges v. Atchison, Topeka and Santa Fe Ry.,* 728 F.2d 414 (10th Cir.), is significant on these issues. That case concerned an asserted wrongful discharge case and the plaintiff urged that the action was basically a common law contract action. He was a nonunion employee. We there said in part, at 416–17:

> "Even though Mr. Hodges alleges breach of an employment agreement and not the collective bargaining agreement itself he is still obliged to seek relief primarily and exclusively through arbitration."

Insofar as the *Andrews* holding was announced under circumstances in which the plaintiff was no longer employed by defendant, and he was not seeking reinstatement to his prior position, the reasoning of that case is equally applicable, if not stronger, in the present case because plaintiff remains employed by defendant although he has been demoted.

It is irrelevant that plaintiff was not a union member at the time he was demoted and filed the action underlying this appeal. In *Womble v. Seaboard System R.R.,* 804 F.2d 635 (11th Cir.1986), it was held that a nonunion employee was required to pursue administrative remedies under the Act when she brings an action for benefits upon termination of her employment, citing *Andrews.* Again, the holding of *Womble* would be equally applicable here, where plaintiff's claim stems from a demotion, rather than a complete termination of employment.

The district court's order is AFFIRMED.