Lloyd Howard BLACK, Plaintiff,

v.

ATLANTIC SOUTHEAST AIRLINES, INC., George Pickett, John Beiser, Charles A. Flanagan, Tilden M. Shanahan, Daniel J. Waters and Others, unknown and unnamed, Defendants.

Civ. No. 1:93–cv–499–JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 17, 1994.

---

**466**

Lloyd H. Black, pro se.

Edward S. Smith, Peter J. Gunas, III, Atlanta, GA, for defendants.

### ORDER

CARNES, District Judge.

This case is presently before the Court on defendants' Motion to Dismiss [3–1], plaintiff's Motion to Compel [7–1], plaintiff's Motion to Extend Time [8–1], plaintiff's Motion for Default Judgment [9–1], defendants' Motion for Protective Order [13–1], defendants' Motion to Stay Discovery [13–2], plaintiff's Motion to Delay Ruling [16–1] and plaintiff's Motion to Sue Each Defendant Individually [17–1]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendants' Motion to Dismiss should be granted.

### BACKGROUND

This action was filed by a former Atlantic Southeast Airlines ("ASA") co-pilot and member of the Airline Pilots Association ("ALPA"), who was terminated by ASA. Plaintiff, filing *pro se*, brought this lawsuit against ASA, its CEO/President, its Vice President/Director of Training, its Vice President of Flight Operations, its Director of EMB120 Training and others, claiming that he was wrongfully terminated from his position as a co-pilot. The Complaint is in five counts. Count I alleges "Breach of Contract" in connection with the discharge. Counts II and III allege "Conspiracy to Wrongfully Discharge" and "Wrongful Discharge," respectively. Count IV alleges "Slander" in connection with plaintiff's discharge, and Count V alleges a violation of the

Railway Labor Act, 45 U.S.C. §§ 151–188 ("RLA").

ASA is an air carrier subject to and governed by the RLA. 45 U.S.C. § 151, *et seq.* (1986). Plaintiff is a former ASA co-pilot and ALPA member who was hired by ASA on October 26, 1987. Plaintiff was terminated by ASA on March 15, 1990, reinstated on July 11, 1990, and terminated again on April 9, 1991. The terms and conditions of plaintiff's employment with ASA are governed by a collective bargaining agreement ("CBA") entered into between ASA and ALPA on November 28, 1989. As required by section 204 of the RLA, 45 U.S.C. § 184, the CBA established a System Board of Adjustment to hear employee grievances regarding, among other things, termination of employment.

## DISCUSSION

### I. *Introduction.*

Defendants have moved this Court to dismiss plaintiff's claims for lack of subject matter jurisdiction. Defendants argue that the Court lacks jurisdiction to hear plaintiff's RLA claims according to the express provisions of the Act. Defendants further argue that plaintiff's other state law claims are preempted by the RLA and, thus, the Court lacks jurisdiction to hear these claims. Plaintiff argues that, as a probationary employee at the time of his discharge, he lacked adequate protections under the RLA and that he must, therefore, be allowed access to the federal courts to present his claims. Notwithstanding plaintiff's probationary status at the time of his discharge, the Court concludes that it lacks subject matter jurisdiction to hear any of plaintiff's claims. Thus, for the reasons discussed below, defendants' Motion to Dismiss should be granted at this time.

### II. *Plaintiff's RLA Claim.*

Count V of plaintiff's Complaint alleges a violation of the RLA as a basis for his right to recover from defendants. Defendants argue that this Court lacks subject matter jurisdiction to hear any claim plaintiff may have under the RLA.[1] Defendants' primary argument is that plaintiff's claims constitute "minor" disputes and that jurisdiction to hear such disputes under the RLA is committed *exclusively* to the mandatory System Boards of Adjustment provided for by the Act. Plaintiff attempts to escape the mandatory provisions of the Act by claiming that, as a probationary employee at the time of his discharge, the contract between ASA and ALPA precluded him from the full protections of the grievance procedures provided to non-probationary employees.

The parties agree that ASA is an air carrier expressly covered by the provisions of the RLA. 45 U.S.C. §§ 151–188 (1986).[2] Disputes under the RLA are divided into two categories entitled "major" disputes and "minor" disputes. "Major" disputes are "disputes over the formation of collective agreements or efforts to secure them. They arise where there is no such agreement or where it is sought to change the terms of one, and therefore the issue is not whether an existing agreement controls the controversy. They look to the acquisition of rights for the future, not to assertion of rights claimed to have vested in the past." *Consolidated Rail Corp. v. Railway Labor Executives' Assoc.,* 491 U.S. 299, 302, 109 S.Ct. 2477, 2480, 105 L.Ed.2d 250 (1989) (quoting *Elgin, Joliet & E. Ry. Co. v. Burley,* 325 U.S. 711, 723, 65 S.Ct. 1282, 1289, 89 L.Ed. 1886 (1945)). A "minor" dispute, on the other hand, "contemplates the existence of a collective agreement already concluded or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one. The dispute relates either to the meaning or proper application of a particular provision with reference to a specific situation or to an omitted case." *Id.,* 491 U.S. at 303, 109 S.Ct. at 2480 (quoting *Burley,* 325 U.S. at 723, 65 S.Ct. at 1289).

---

**1.** Defendants also argue that plaintiff's RLA claim is time-barred by the applicable statute of limitation for such claims. While it appears to the Court that defendants' statute of limitation argument has merit, the Court's determination that it lacks subject matter jurisdiction precludes it from ruling on such an argument.

**2.** In 1936, the RLA was amended to extend coverage to air carriers. 45 U.S.C. §§ 181–88.

■ In the case at bar, there was a collective bargaining agreement in effect between ASA and ALPA at the time of plaintiff's termination. Defendant terminated plaintiff, pursuant to its interpretation of that agreement. Plaintiff asserts that his discharge was in contravention of the CBA between ASA and ALPA. Based on the foregoing, the Court concludes that Count V of plaintiff's Complaint constitutes a "minor" dispute and, thus, is subject to the provisions of the RLA for handling such disputes.

■ The RLA provides for the creation of System Boards of Adjustment to arbitrate "minor" disputes between employees and carriers "growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions...." 45 U.S.C. § 184 (1986). The creation of such Boards of Adjustment by carriers covered by the RLA is mandatory. *Id.* These Boards of Adjustment have exclusive, primary jurisdiction to hear and resolve "minor" disputes arising out of a CBA between a carrier and its recognized union(s). *Brotherhood of Locomotive Eng'rs v. Louisville & Nashville R.R. Co.,* 373 U.S. 33, 83 S.Ct. 1059, 10 L.Ed.2d 172 (1963). The grievance resolution procedures provided by the RLA are "a compulsory substitute for economic self-help, not merely a voluntary alternative to it." *Id.* at 39, 83 S.Ct. at 1063.

Plaintiff attempts to escape the mandatory provisions of the RLA by arguing that his probationary status precluded him from having access to the full protections of the grievance procedure provided for in the CBA between ASA and ALPA. In essence, plaintiff's argument is that the CBA does not adequately protect the interests of probationary employees such as himself. Plaintiff's argument has been expressly rejected by at least one federal court, however. *See Adams v. Northwest Airlines, Inc.,* 48 Empl.

Prac.Dec. (CCH) ¶ 38,596 at 55,291, 1988 WL 156337 (E.D.Mich.1988). Although the holding in *Adams* is not binding, the Court finds the reasoning to be highly persuasive. "An exclusive representative of employees under the RLA is afforded wide latitude, subject of course to its duty of fair representation, in negotiating on behalf of the members of the relevant bargaining unit." *Id.* (citing *Steele v. Louisville & Nashville R.R. Co.,* 323 U.S. 192, 202, 65 S.Ct. 226, 232, 89 L.Ed. 173 (1944)). The CBA between ASA and ALPA clearly establishes an at will employment relationship for probationary employees. To the extent that plaintiff now seeks to avoid the at will employment provisions of the CBA between ASA and ALPA, the Court cannot abide such efforts. *Id.*

■ In the case at bar, plaintiff's RLA claim arises out of the interpretation of a CBA as it applies to the circumstances of plaintiff's discharge from ASA. As such, plaintiff's claim is subject to the exclusive jurisdiction of the System Board of Adjustment established in the CBA between ASA and ALPA. Plaintiff has not pled facts sufficient to satisfy any exception to the general rule that "minor" disputes, such as plaintiff's, are committed to such exclusive jurisdiction.[3] Accordingly, the Court concludes that it lacks subject matter jurisdiction over plaintiff's RLA claim stated in Count V of his Complaint.

### III. *Plaintiff's State Law Claims.*

■ Defendant has also moved to dismiss plaintiff's state law claims, Counts I–IV of the Complaint, for lack of subject matter jurisdiction. Defendant argues that all of plaintiff's state law claims arose incident to plaintiff's discharge from ASA and, as such, are preempted by the RLA. Plaintiff argues that his state law claims are not preempted by the Act and that he has the option of bringing these claims in addition to any

---

3. There is a limited exception to the exclusive jurisdiction of the System Board of Adjustment over "minor" disputes. The exception involves "hybrid" cases in which the plaintiff alleges both a breach of contract by the employer and a breach of the duty of fair representation by the exclusive bargaining representative for the plaintiff. Such "hybrid" cases may be brought in federal courts. *Mavis v. Brotherhood of Ry. and S.S. Clerks, Freight Handlers, Express and Station Employees,* 585 F.2d 926 (8th Cir.1978). Plaintiff in this case, however, has not named ALPA as a defendant, nor has plaintiff alleged that ALPA breached its duty of fair representation with respect to plaintiff.

rights he may have under the RLA. Notwithstanding plaintiff's arguments to the contrary, the Court concludes that plaintiff's claims in Counts I–IV are preempted by the RLA and, thus, the Court lacks jurisdiction to hear these claims.

Plaintiff's state law claims for breach of contract, conspiracy to wrongfully discharge, wrongful discharge and slander all arise from plaintiff's termination from ASA in April of 1991. The crux of all of plaintiff's state law claims is that he was wrongfully discharged by ASA. Even the slander claim is based upon defendants' conduct in severing the employment relationship.[4] In determining whether plaintiff's claims are preempted by the RLA, "[t]he first question is whether [plaintiff's] claim is a "minor" dispute within the meaning of [the RLA].... If the basic injury was his wrongful discharge, the complaint involves a minor dispute which *must* be arbitrated following the procedures of the R.L.A.." *Magnuson v. Burlington N., Inc.*, 576 F.2d 1367, 1369 (9th Cir.1978) (citing *Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972)) (emphasis added). Based upon the foregoing, the Court concludes that Counts I–IV of plaintiff's Complaint constitute "minor" disputes. As such, these claims are preempted by the RLA.

Plaintiff's argument that the CBA lacked adequate protections for probationary employees does not alter the Court's analysis. "Courts have held that state law actions are preempted by the RLA though the employee is probationary and (presumably) cannot avail himself of grievance provisions of the contract. Were this not the case, the union's right to bargain exclusively on behalf of the unit's employees would be undermined.... Permitting such wrongful discharge actions in the context of a collective bargaining agreement clearly establishing at will employment for probationary employees would undermine the clear agreement between the

union and employer." *Adams*, 48 Empl. Prac.Dec. (CCH) ¶ 38,596 at 55,291 (citing *Hodges v. Atchison, Topeka and Santa Fe Ry. Co.*, 728 F.2d 414 (10th Cir.), *cert. denied*, 469 U.S. 822, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984)). Accordingly, the Court concludes that it lacks subject matter jurisdiction over plaintiff's claims as stated in Counts I–IV of his Complaint and that defendants' Motion to Dismiss these counts should be granted.

## CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss [3–1] is **GRANTED** and all other pending motions [7–1, 8–1, 9–1, 13–1, 13–2, 16–1, 17–1] are **DENIED** as moot.

SO ORDERED.

---

4. Defendants have argued that plaintiff's slander claim is preempted by the RLA because it constitutes a "minor" dispute incident to plaintiff's discharge from ASA. Defendants' argument is correct. *See Fox v. Southern Ry. Co.*, 764 F.Supp. 644, 646–47 (N.D.Ga.1991) (Hall, J.) (common law libel claim preempted by RLA).

Alternatively, the Court notes that plaintiff's slander claim is time-barred by the applicable state law statute of limitation. O.C.G.A. § 9–3–33 (1982) (statute of limitation for injuries to reputation is one year). The alleged defamatory remarks were made in April of 1991 and plaintiff did not file this lawsuit until March of 1993.