**Theola Ann JARRETT, Plaintiff,**

v.

**SPRINT/UNITED MANAGEMENT COMPANY, Defendant.**

**No. 97–2487–KHV.**

United States District Court, D. Kansas.

Jan. 15, 1999.

Theola Ann Jarrett, Shawnee, KS, pro se.

John R. T. Mitchell, Kansas City, MO, for Theola Ann Jarrett.

John J. Yates, Stephen M. Bledsoe, Bryan Cave LLP, Kansas City, MO, Tonya Olsen Johnston, Sprint Communications Co., Kansas City, MO, for Sprint Communications Co.

**1284**

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter is before the court on *Sprint/United Management Company's Renewed Motion For Summary Judgment On Count II Of Plaintiff's Amended Complaint* (Doc. # 65) and *Sprint/United Management Company's Motion To Dismiss Counts I, III–VI Of Plaintiff's Amended Complaint* (Doc. # 63), both filed September 8, 1998. Having carefully considered the parties' arguments and the applicable law, the Court finds that the motions should be sustained.

### I. Defendant's Renewed Motion for Summary Judgment as to Count II

#### A. Factual Background

With respect to Sprint's motion for summary judgment as to Count II, the following material facts are uncontroverted pursuant to Federal Rule of Civil Procedure 56 and D.Kan.Rule 56.1.[1]

In 1986, Theola Jarrett began working as a Departmental Assistant in Sprint's Network Department. As a Departmental Assistant, Jarrett manually updated tariff information and helped track vendor bills. In 1988, Jarrett was promoted to the position of Network Analyst I. In fulfilling her duties as a Network Analyst I, Jarrett performed the same tasks she had performed as a Departmental Assistant, but she used a computer to assist her in updating tariff information and tracking vendor bills. Jarrett satisfactorily performed her job duties as a Network Analyst I through May 17, 1989. On May 17, 1989, Jarrett went on short term disability leave for psychological problems. She never returned to work. Plaintiff's short term disability benefits ended after 26 weeks, on November 17, 1989. Upon the expiration of her short term disability benefits, plaintiff's employment status at Sprint ended.[2]

1. Under D.Kan. Rule 56.1, "[a]ll material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."

2. Plaintiff attempts to controvert the fact that her employment status terminated on November 17, 1989, by arguing that Sprint never notified her that her employment status changed when her short term disability benefits expired, and that it did not notify her until October 4, 1994, that she had been terminated. *Affidavit Of Theola Ann Jarrett*, attached to *Plaintiff's Response To Defendant's Motion For Summary Judgment To Count [sic] And To Defendant's Motion To Dismiss Counts I, V And VI* (Doc. # 77) filed October 26, 1998. Such allegations with respect to notice do not create a genuine issue of material fact, however, as to when plaintiff's employment status changed.

Plaintiff also argues that she received such benefits "well into 1993" and that "one is still an employee of Defendant while receiving LTD benefits." Plaintiff does not purport to make this statement from personal knowledge. Rather, in support of her argument she cites a so-called policy on "Individual Terminations." While that document appears to relate to some form of work-related insurance, possibly with Sprint, it is not properly authenticated and does not prove the point for which plaintiff offers it.

The "Individual Terminations" exhibit is not competent evidence under Rule 56(e), Fed.R.Civ.P. In addition to the fact that it has not been authenticated, the record contains no basis from which the Court might conclude that it was applicable during the dates material to this motion. The requirements for an affidavit submitted in support of a motion for summary judgment are set forth in Federal Rule of Civil Procedure 56(e). Rule 56(e) provides, in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Plaintiff's affidavit does not establish that she is competent to testify from personal knowledge that "one is still an employee of Defendant while receiving LTD benefits." Moreover, the "Individual Terminations" exhibit is not competent evidence that "one is still an employee of Defendant while receiving LTD benefits" because it is not identified, let alone sworn or certified. Fed.R.Civ.P. 56(e). For purposes of summary judgment, each document must be authenticated by and attached to an affidavit which meets the requirements

Notwithstanding the termination of her employee status, plaintiff was entitled to apply for long term disability benefits under the Sprint Long–Term Disability Plan. Plaintiff did so but in November of 1991, she exhausted her long term disability benefits.

### B. Standards for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. Watonga,* 942 F.2d 737, 743 (10th Cir. 1991). Essentially, the inquiry as to whether an issue is genuine is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505. An issue of fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. 2505. This inquiry necessarily implicates the substantive evidentiary standard of proof that would apply at trial. *Id.* at 252, 106 S.Ct. 2505.

Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Intern., Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on her pleadings but must set forth specific facts. *Applied Genetics,* 912 F.2d at 1241.

"[W]e must view the record in the light most favorable to the parties opposing the motion for summary judgment." *Deepwater Investments, Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991). "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith,* 853 F.2d 789, 793 (10th Cir.1988). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. Where the nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the summary judgment motion. D.Kan. Rule 56.1.

of Federal Rule of Civil Procedure 56(e). 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2738 (1998) at 382–84. *See, e.g., Nolla Morell v. Riefkohl,* 651 F.Supp. 134, 140 (D.P.R. 1986) (documents filed by defendants on motion for summary judgment inadmissible where unaccompanied by affidavits attesting to validity of documents); *Cummings v. Rob-* erts, 628 F.2d 1065, 1068 (8th Cir.1980) (on motion for summary judgment, district court properly did not consider 17 pages of medical records that were attached to affidavit but not certified as required by Federal Rule of Civil Procedure 56(e)). Further, the affiant should be the person through whom the exhibits could be admitted into evidence. *Nolla Morell,* 651 F.Supp. at 140.

## C. *Discussion*

In Count II of her amended complaint and, in the *Pretrial Order* (Doc. # 94) entered December 9, 1998, Jarrett alleges that she is disabled and that Sprint's refusal to accommodate her disability by allowing her to work from home violates the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* Sprint seeks summary judgment as to Count II on the grounds that (1) no private right of action exists under the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*; (2) Sprint's federal contracts do not constitute federal financial assistance and therefore do not expose Sprint to liability under the Rehabilitation Act, 29 U.S.C. § 794; and (3) Jarrett's employment with Sprint terminated before the effective date of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

### 1. Rehabilitation Act Claim

As noted above, Sprint seeks summary judgment as to Count II on the ground that plaintiff has no private right of action under the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* In response, Jarrett abandons her claim under the Rehabilitation Act and asserts that she is proceeding under the ADA.[3] Because Jarrett has abandoned any private cause of action under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, Sprint is entitled to summary judgment on such claim.[4]

### 2. ADA Claim

As noted above, Count II contends that plaintiff is entitled to relief under the ADA, 42 U.S.C. § 12101, *et seq.* Sprint claims that it is entitled to summary judgment because Jarrett's employment with Sprint terminated before the effective date of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

The ADA became effective on July 26, 1992, and does not operate retroactively. *See Smith v. Blue Cross Blue Shield of Kansas, Inc.,* 894 F.Supp. 1463, 1467 (D.Kan.1995) (any events occurring prior to July 26, 1992, the date the ADA became effective, are irrelevant because the ADA does not apply retroactively); *see also Garcia–Paz v. Swift Textiles, Inc.,* 873 F.Supp. 547, 557 (D.Kan.1995). Therefore, in order for Jarrett to pursue a claim under the ADA, she must have been employed by Sprint on or after July 26, 1992.

Plaintiff's short term disability benefits ended after 26 weeks, on November 17, 1989. The undisputed fact is that at that time, even though she may have continued to receive long term disability benefits through 1991, plaintiff's employment status at Sprint ended. The Court finds that plaintiff was not employed by Sprint on or after July 26, 1992 and that defendant is entitled to summary judgment on this issue.

## II. *Defendant's Motion to Dismiss Counts I, III, IV, V and VI*

### A. *Standards for a Motion to Dismiss*

Sprint asks the Court to dismiss five counts of Jarrett's complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). In ruling on a motion to dismiss, the court must assume as true all well-pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. *See Zinermon v. Burch,* 494 U.S. 113, 118, 110

---

**3.** On page five of her response, plaintiff indicates that it does not matter whether a private cause of action exists under the Rehabilitation Act because "she brings her claims under the ADA." See *Plaintiff's Response To Defendant's Motion For Summary Judgment To Count [sic] And To Defendant's Motion To Dismiss Counts I, V And VI* (Doc. # 77) filed October 26, 1998, at 5.

**4.** Even if the Court were to consider the merit of Jarrett's claim under the Rehabilitation Act, it would conclude that she has no private cause of action under 29 U.S.C. § 701 *et seq. See Hodges v. Atchison, Topeka & Santa Fe R.R.,* 728 F.2d 414, 416 (10th Cir.1984); *D'Amato v. Wisconsin Gas Co.,* 760 F.2d 1474 (7th Cir.1985); *Wilson v. Amtrak Nat. R.R. Corp.,* 824 F.Supp. 55 (D.Md.1992). Consequently the Court does not reach Sprint's argument that federal contracts do not constitute federal financial assistance and therefore do not expose it to liability under the Rehabilitation Act, 29 U.S.C. § 794.

S.Ct. 975, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must make all reasonable inferences in favor of plaintiff, and the pleadings must be liberally construed. *See Swanson*, 750 F.2d at 813; Fed. R.Civ.P. 8(a); *Lafoy v. HMO Colorado*, 988 F.2d 97, 98 (10th Cir.1993). The issue in reviewing the sufficiency of plaintiff's complaint is not whether she will prevail, but whether she is entitled to offer evidence to support her claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of her theory of recovery that would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir.1991). Although plaintiff need not precisely state each element of her claims, she must plead minimal factual allegations on those material elements that must be proved. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. *Count I*

■ In Count I, plaintiff alleges that Sprint violated Title VII of the Civil Rights Act of 1964 by terminating her "because of the nature of her disability." Sprint urges the Court to dismiss Count I for failure to state a claim upon which relief can be granted. Specifically, Sprint contends that Title VII does not protect an individual from discrimination on the basis of actual or perceived disability. Title VII affords legal protection only to those individuals who have been discriminated against because of their "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). In response to Sprint's motion, Jarrett makes no argument in defense of Count I. Based upon the foregoing, Sprint's motion to dismiss Count I is sustained.

### C. *Counts III, IV and VI*

In Counts III, IV, and VI, Jarrett alleges that Sprint failed to comply with regulations imposed under 41 C.F.R. Chapter 60. Sprint moves to dismiss each of these counts on the ground that such regulations do not create a private cause of action. In response, Jarrett now brings Counts III, IV and VI "under the ADA." See *Plaintiff's Response In Oppostion [sic] To Defendant's Motion to Dismiss Counts III and IV* (Doc. # 73) filed October 16, 1998 at 2, and *Plaintiff's Response To Defendant's Motion For Summary Judgment To Count [sic] And To Defendant's Motion To Dismiss Counts I, V And VI* (Doc. # 77) filed October 26, 1998 at 10. This change in position is fatal to Counts III, IV and VI because the Court has determined that plaintiff was not employed by Sprint on or after July 26, 1992, and the ADA is not retroactively applicable to her claims. Moreover, on their merits, plaintiff's allegations are not actionable under the ADA.

■ In Count III, Jarrett alleges that since November 1991, she has been deprived of all long-term disability benefits. Jarrett argues that Sprint's disability benefits plan, which covers physical disabilities through age 65 but terminates benefits for mental disabilities after two years, violates the ADA.[5] She maintains that her deprivation of benefits "continues today which puts her within the effective date of the ADA." *Plaintiff's Response In Opposition [sic] To Defendant's Motion to Dismiss Counts III and IV* (Doc. # 73) filed October 16, 1998 at 4.

As a matter of law, however, the disparity in benefits in Sprint's benefits plan does not violate the ADA. Each United States circuit court which has considered this issue has ruled that disability insurance plans that provide reduced coverage for mental illness do not violate the ADA. *See Ford v. Schering–Plough Corp.*, 145 F.3d

---

**5.** Plaintiff appears to raise this claim in Count IV as well. To the extent plaintiff alleges this claim in Count IV, Count IV is dismissed for the reasons stated with respect to Count III.

601 (3d Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 850, 142 L.Ed.2d 704, (1998) ; *Parker v. Metropolitan Life Ins. Co.,* 121 F.3d 1006 (6th Cir.1997), *cert denied,* —— U.S. ——, 118 S.Ct. 871, 139 L.Ed.2d 768 (1998); *EEOC v. CNA Ins. Cos.,* 96 F.3d 1039 (7th Cir.1996). The Court predicts that if the Tenth Circuit were to consider this issue, it would follow the sound reasoning of the other circuits that have considered and rejected plaintiff's argument. Accordingly, the Court concludes that Count III of plaintiff's complaint fails to state a claim and must be dismissed.

In Count IV, Jarrett claims that Sprint's reduction of long-term disability benefits by the amount of her monthly Social Security benefit violates the ADA. Jarrett's brief fails to cite any authority directly for such a proposition. Instead, she refers the Court to a line of cases which hold that when a plaintiff receives a back pay award, a court has the discretion to set off collateral sources from the damage award. *See, e.g., EEOC v. Wyoming Retirement System,* 771 F.2d 1425 (10th Cir.1985). The collateral source doctrine is not implicated in the present case, however, and such cases are not persuasive.

The Court's research reveals no law which prohibits a private insurer from reducing insurance benefits by amounts that the insured receives from overlapping coverage. Such "coordination of benefits" provisions are commonplace in the field of disability insurance and Jarrett's claim to further disability benefits is one that is resolved against her as a matter of contract law. In this regard Count IV fails to state a claim on which relief can be granted.

In Count VI, Jarrett alleges that Sprint failed to follow federal regulations regarding anti-discrimination policies, and failed to make reasonable accommodations to her disability. Because plaintiff asserts this claim under the ADA, this claim appears to replicate Count II's claim for failure to accommodate. This issue is ultimately moot, however, in view of the Court's finding that plaintiff states no actionable claim under the ADA.

### D. Count V

Plaintiff claims that "Sprint terminated plaintiff's employ because of the nature of her disability; i.e., because she had a mental illness that did not allow her to work in the presence of other people," and that it did so "in contravention to its policy." Plaintiff claims that her termination was therefore "discriminatory and thus wrongful." *Pretrial Order* (Doc. # 94) filed December 9, 1998 at 5, 8. From the pretrial order it is unclear whether plaintiff sought to recover under an implied contract theory, based on defendant's employment policies, or whether—as defendant assumes—she asserted a claim for wrongful discharge in violation of Kansas public policy. Sprint's motion to dismiss Count V argues that under Kansas law, a public policy exception to the employee-at-will doctrine is not available unless plaintiff has no other remedy for the alleged violations, and that because statutory remedies—including those available under the KAAD—provide protection from employment discrimination, Jarrett may not assert a separate wrongful termination claim under Kansas state law. See *Suggestions In Support Of Sprint/United Management Company's Motion To Dismiss Counts I, III–VI Of Plaintiff's Amended Complaint* (Doc. # 64), filed September 8, 1998 at 4. For reasons already stated, plaintiff cannot state an actionable claim for relief under the ADA.

**IT IS THEREFORE ORDERED** that *Sprint/United Management Company's Renewed Motion For Summary Judgment On Count II Of Plaintiff's Amended Complaint* (Doc. # 65) filed September 8, 1998, be and hereby is sustained.

**IT IS HEREBY FURTHER ORDERED** that *Sprint/United Management Company's Motion To Dismiss Counts I, III–VI Of Plaintiff's Amended Complaint*

(Doc. # 63), filed September 8, 1998, be and hereby is sustained.