**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**B.E. SMITH, Defendant–Appellant.**

**No. 99–10447.
D.C. No. CR–97–558–GEB.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2001.

Decided April 12, 2001.

Before REINHARDT, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM *

B.E. Smith appeals his conviction and sentence for manufacture and possession of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 844. We affirm in part, reverse in part, and remand for resentencing.

■■■ A. Smith contends that the district court erred in denying his request to present a defense of medical necessity to the jury. Even assuming that such a defense is permitted in prosecutions under the Controlled Substances Act—a question we do not decide here—Smith's evidentiary proffer fell short of the requirements for establishing legal necessity. *See United States v. Aguilar*, 883 F.2d 662, 693 (9th Cir.1989). Under *Aguilar*, "a defendant must establish the existence of four elements to be entitled to a necessity defense: (1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law." *Id.* (citing *United States v. Dorrell*, 758 F.2d 427, 430–31 (9th Cir.1985)). If a defendant's "offer of proof is deficient with regard to any of the four elements, the district judge must grant the [government's in limine] motion to preclude evidence of necessity." *Id.*

The district court was correct in concluding that Smith's evidence in support of his claim that medical necessity compelled the use of marijuana to treat his post-traumatic stress disorder failed to satisfy *Aguilar*'s fourth requirement. As the court noted, Smith's medical evidence "consist[ed] of a letter from a chiropractor and an affidavit from a psychiatrist." The affidavit contained no individualized assessment of Smith's symptoms, and was in fact based on a psychological assessment that indicated that Smith had never sought psychiatric treatment for his condition. In these circumstances, it cannot be said that Smith demonstrated the absence of any "legal alternatives to violating the law." *Aguilar*, 883 F.2d at 693. Accordingly, the district court did not err in barring the necessity defense.

■■■ B. Smith argues that the district court erred in denying his motion for discovery of prosecution documents in support of his claim of selective prosecution. To prove selective prosecution,. a defendant must show that a prosecutorial policy or decision "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Wayte v. United States*, 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). A proffer in support of a discovery motion for selective prosecution must "include a credible showing of different treatment of similarly situated persons." *United States v. Armstrong*, 517 U.S. 456, 470, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). Smith's proffer failed to identify such persons. Accordingly, Smith did not show the requisite discriminatory effect, and the district court did not err in denying his discovery motion.

■■■ C. Smith next contends that the district court erred in denying him the opportunity to present a defense that he relied on the advice of counsel. Advice of counsel is a partial defense offered to disprove a *mens rea* element of a crime. *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir.1961). A defendant who reasonably relies on the advice of counsel may "not be convicted of a crime which involves wilful and unlawful intent." *Williamson v. United States*, 207 U.S. 425, 453, 28 S.Ct. 163, 52 L.Ed. 278 (1908). In order to assert an advice of counsel defense, a de-

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

fendant must have made a full disclosure to his attorney, received advice as to the specific course of conduct that he followed, and relied on this advice in good faith. *United States v. Ibarra–Alcarez*, 830 F.2d 968, 973 (9th Cir.1987).

■■ Smith was charged with violating 21 U.S.C. §§ 841(a)(1) and 844, both of which require a "knowing" scienter, not a "willful" one. The government is required to show only that Smith "must know that he is in fact performing an act, whether or not he knows that the act has been criminalized by statute." *United States v. Lynch*, 233 F.3d 1139, 1141 (9th Cir.2000). Even if Smith could have met all of the other elements required for an advice of counsel defense, it was not available as a defense to the general-intent crimes with which he was charged. Accordingly, the district court did not err in barring Smith from presenting an advice of counsel defense.

■■■ D. Smith argues that the district court erred in refusing to admit evidence relating to the defense of entrapment by estoppel. The defense of entrapment by estoppel is based on the proposition that it is improper to "permit[] the government to prosecute individuals who reasonably rely upon that government's interpretation of the law." *United States v. Etheridge*, 932 F.2d 318, 321 (4th Cir.1991). The defense applies "when an authorized government official tells the defendant that certain conduct is legal, and the defendant believes the official." *United States v. Brebner*, 951 F.2d 1017, 1024 (9th Cir. 1991). A defendant must also establish that he relied on the official's advice, and that his reliance was reasonable. *Id.*

■■■ Smith's reliance on the actions (or lack thereof) of Trinity County officials cannot form the basis of an entrapment by estoppel defense against a federal criminal charge, because state officials lack the authority to bind the federal government to a particular course of action. *Id.* at 1026. With respect to his reliance on the medical prescription prepared by a Veterans Hospital physician on behalf of an individual for whom Smith was growing marijuana, although such an official is arguably "authorized" under circuit law, *see United States v. Tallmadge*, 829 F.2d 767 (9th Cir.1987) (defendant entitled to assert entrapment defense on basis of information provided by federally licensed gun dealer), the physician did not instruct Smith that his conduct was legal. In fact, the physician in this case had no contact whatsoever with Smith. The district court did not err in concluding that Smith was not permitted to assert an entrapment defense at trial.

■■■ E. Smith contends that the district court erred in enhancing his sentence two levels for obstruction of justice under United States Sentencing Guidelines (U.S.S.G.) § 3C1.1. This circuit has explained that an adjustment for obstruction of justice under section 3C1.1 may be imposed "if the district judge determines that the defendant committed perjury, i.e., gave 'false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" *United States v. Monzon–Valenzuela*, 186 F.3d 1181, 1183 (9th Cir.1999) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993)). Untrue testimony is "material" where, "if believed, [it] would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, Application Note 6; *United States v. Magana–Guerrero*, 80 F.3d 398, 400 (9th Cir.1996).

The district court concluded that Smith had provided untrue testimony with respect to two issues: the amount of mari-

juana he had grown in the past, and his belief that cannabis "indica" was not a controlled substance under federal law. The court found that the false testimony was "material" because it contained "outright lies designed to substantially alter the outcome of the case by encouraging jury nullification." Giving "due deference to the district court's application of the Sentencing Guidelines to the facts," *United States v. Edmonds,* 103 F.3d 822, 826 (9th Cir.1996), we cannot say that the district court abused its discretion by applying section 3C1.1 in these circumstances.

■ F. Finally, Smith argues that the district court erred in denying him a two-level sentence reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Smith is correct.

Section 3E1.1(a) provides: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." Application Note 2 to section 3E1.1 explains that the downward adjustment for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." However, in "rare situations a defendant may clearly demonstrate acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a *challenge to the applicability of a statute to his conduct)*" (emphasis added).

Smith did not contest his factual guilt, but instead argued that his behavior was lawful because it was compelled by medical necessity. Accordingly, Application Note 2's reference to a defendant who

raises a "challenge to the applicability of a statute to his conduct" applies precisely to the facts of this case. The district court explained its denial of the two-level reduction by noting that Smith "never admitted moral wrongdoing for violating federal marijuana laws" and thus "failed to carry his burden of affirmatively demonstrating sincere contrition and remorse for his offenses." However, nothing in the Guidelines or in our case law supports the district court's requirement that a defendant who challenges the applicability of a statute to his conduct must *also* express moral contrition. Smith was entitled to challenge the applicability of the Controlled Substances Act to his conduct without foregoing his eligibility for a reduction under section 3E1.1. *See, e.g., United States v. McKittrick,* 142 F.3d 1170, 1178 (9th Cir.1998).

Accordingly, we reverse Smith's sentence and remand to the district court with instructions that he be resentenced according to an Offense Level of 14.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RE-SENTENCING.

Judge Reinhardt dissents from the holding in Part E and would reverse the district court's imposition of a two-level enhancement for obstruction of justice on the ground that Smith's testimony, even if false, was not material to the issue under determination.

Judge Rymer dissents from the holding in Part F and would affirm the district court's denial of an adjustment for acceptance of responsibility because Smith did not just challenge the applicability of the federal drug statutes to his conduct, but their morality and legitimacy.