UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 95-1178

THOMAS QUESNEL,

Plaintiff - Appellant,

v.

PRUDENTIAL INSURANCE COMPANY,

Defendant - Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael Ponsor, U.S. District Judge] 



Before

Torruella, Chief Judge, 

Lynch, Circuit Judge, 

and Casellas,* District Judge. 



John F. Moriarty, Jr., with whom Moriarty & Neves was on 
brief for appellant.
Burton J. Fishman, with whom Tucker, Flyer & Lewis and Kevin 
Patrick Reilly were on brief for appellee. 



September 25, 1995


 

* Of the District of Puerto Rico, sitting by designation.

TORRUELLA, Chief Judge. Plaintiff-appellant Thomas TORRUELLA, Chief Judge 

Quesnel challenges the district court's dismissal of his wrongful

termination action, originally brought in state court, against

his former employer, Prudential Insurance Company ("Prudential").

The district court found that Quesnel's claim necessitated

analysis of the collective bargaining agreement binding the

parties, and accordingly held the claim to be preempted by

federal labor law. For the following reasons, we affirm.

BACKGROUND BACKGROUND

Quesnel began his employment at Prudential as a

district agent, and became a sales manager in 1991. He later

returned to the level of district agent in September of that

year.

Throughout Quesnel's period of employment, Prudential

had a collective bargaining agreement (the "CBA") with the Union

of Food and Commercial Workers (the "Union") which covered all

"district agents" working for Prudential, regardless of union

membership.1 This CBA contained the terms by which Prudential's

 

1 Specifically, Article I of the CBA states: 

The Employer agrees to and hereby does
recognize, to the extent required by the
National Labor Relations Act, as amended,
The Union as the exclusive representative
for the purposes of collective bargaining
in respect to rates of pay, wages, hours
of employment, or other conditions of
employment, of all District Agents 
employed or hereafter to be employed by
the Employer . . . .

(Emphasis added).

-2-

agents were employed and compensated. The CBA also set forth,

inter alia, grievance procedures, which provided for the 

arbitration of grievances for wrongful termination. Quesnel and

Prudential were also parties to a standard Agent's Agreement,

which set forth the scope of the agency relationship.

Quesnel was terminated in March 1992. He filed this

action in Massachusetts state court in May 1994, claiming that

Prudential had terminated him for the purpose of denying him his

earned commissions, which, under Massachusetts law, is considered

a wrongful termination. See Fortune National Cash Register Co., 

373 Mass. 96, 104-05 (1977). Prudential removed the case to the

United States District Court for the District of Massachusetts,

and moved to dismiss Quesnel's claim on the grounds that it was

preempted by federal labor law and that Quesnel had failed to

exhaust his administrative remedies available to him under the

terms of the CBA. Quesnel responded that he was not a member of

the Union and therefore not a party to the CBA. Instead, he

argued, his employment relationship with Prudential was

controlled by the Agent's Agreement, which, he asserted, was

independent of the CBA, and thus his claims were not preempted.

Accordingly, Quesnel moved for remand to state court.

On February 1, 1995, the district court granted

Prudential's motion to dismiss and denied Quesnel's request for

remand. The district court ruled that because "no court could

begin to address [Quesnel's] claims here without immersing itself

in the CBA," Quesnel's state law claims were preempted under

-3-

principles of federal labor law. The court then dismissed

Quesnel's claim because it was governed by the NLRA and because

Quesnel was time barred from any recovery.2

DISCUSSION DISCUSSION

A. Standard of Review A. Standard of Review 

Appellate review of a district court's dismissal under

Fed. R. Civ. P. 12(b)(6) is plenary. We therefore apply the same

standard as did the district court, that "'a complaint should not

be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief.'"

Miranda v. Ponce Fed'l Bank, 948 F.2d 41, 44 (1st Cir. 1991) 

(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). 

B. Preemption of Quesnel's Claim B. Preemption of Quesnel's Claim 

The sole issue before us is whether Quesnel's state law

claims are preempted as a matter of law under 301(a) of the

Labor-Management Relations Act, 29 U.S.C. 185(a).3 It is
 

2 The CBA sets forth grievance and arbitration procedures for
wrongful termination. Quesnel did not pursue these remedies, and
the time limit for seeking relief under the CBA has lapsed.
Finding that Quesnel was subject to the CBA, the district court
accordingly dismissed his claims for failure to exhaust these
administrative remedies.

3 Section 301(a) provides:

Suits for violation of contracts between
an employer and a labor organization
representing employees in an industry
affecting commerce as defined in this
chapter, or between any such labor
organizations, may be brought in any
district court of the United States
having jurisdiction of the parties,

-4-

well-established that 301 completely preempts a state law claim

if the resolution of the claim necessitates analysis of, or

substantially depends on the meaning of, a collective bargaining

agreement. Lingle v. Norge Division of Magic Chef, Inc., 486 

U.S. 399, 405-06 (1988); Allis-Chalmers Corp. v. Lueck, 471 U.S. 

202, 220 (1985); Magerer v. John Sexton & Co., 912 F.2d 525, 528 

(1st Cir. 1990). 

1. Does Quesnel's claim require interpretation of the 1. Does Quesnel's claim require interpretation of the 
CBA? CBA? 

Assuming Quesnel is subject to the CBA, we must

determine whether resolution of his claims in the instant case

necessitates analysis of, or substantially depends upon the

meaning of, the CBA. If so, then his claims must be dismissed as

preempted in light of the foregoing principles. Having carefully

examined the CBA, we think that the district court correctly

found that the CBA is directly implicated in any resolution of

Quesnel's claims. The CBA sets forth the terms and scope of the

employment relationship of all district agents, encompassing

rates of pay, wages, and conditions of employment.

Significantly, the CBA sets forth grievance procedures for

alleged wrongful termination. Determination of whether Quesnel

was indeed wrongfully terminated, and whether his failure to

follow grievance procedures set forth in the CBA nonetheless

precludes his claim would require a court, as the district court

 

without respect to the amount in
controversy or without respect to the
citizenship of the parties.

-5-

found, to immerse itself in the CBA's terms. Interpretation of

the CBA is therefore crucial to any resolution of Quesnel's

claim.

-6-

2. Is Quesnel subject to the CBA? 2. Is Quesnel subject to the CBA? 

Because we find that resolution of Quesnel's claims

require interpretation of the CBA, his claims are preempted if

Quesnel is indeed subject to the CBA's terms. Quesnel wisely

does not dispute this; rather, he claims that his employment

relationship with Prudential was governed not by the CBA, but

solely by the Agent's Agreement, and therefore his claims should

be adjudicated in state court. At the very least, Quesnel

argues, there exists a genuine issue of material fact as to

whether he is subject to the CBA.4

Whether Quesnel is subject to the CBA is in this case,

however, a question of law, not of fact. See Coll v. PB 

Diagnostics Systems, Inc., 50 F.3d 1115, 1122 (1st Cir. 1995) 

(interpretation of contract is a question of law); Whitney Bros. 

v. Sprafkin, 3 F.3d 530, 534 (1st Cir. 1993) (same). After 

examining the CBA and the Agent's Agreement, we conclude that it

is clear that Quesnel is indeed subject to the CBA's terms.

First, the CBA was effective on the date Quesnel became a

district agent, and by its terms encompasses "all District Agents

employed or hereafter to be employed" by Prudential, including

those agents employed in the company's Massachusetts offices.
 

4 Quesnel contends that because the district court went beyond
the pleadings by considering the CBA, the Agent's Agreement, and
an affidavit of Quesnel, it was actually treating Prudential's
motion to dismiss as one for summary judgment, and that we must
therefore apply the standard of review applicable to summary
judgment decisions. As we explain, however, because we conclude
as a matter of law that Quesnel's claim is preempted, his
arguments regarding the appropriate standard of review are
irrelevant.

-7-

Second, regardless of the fact that Quesnel was not a

Union member, he is a member of the bargaining unit for whose

benefit the CBA was created. The Union was and is obligated

under 9(a) of the National Labor Relations Act, 29 U.S.C. 

159(a), to represent the interests of all employees in collective 

bargaining, including nonmembers. See Vaca v. Sipes, 386 U.S. 

171 (1967) (unions must fairly represent all employees in a unit

for which it is exclusive bargaining representative). Therefore,

the fact that Quesnel is not a Union member does not remove him

from the bargaining unit for whose benefit the CBA was created.

See Saunders v. Amoco Pipeline Co., 927 F.2d 1154, 1156 (10th 

Cir. 1991) (individual employee is bound by terms of collective

bargaining agreement even if not a union member). Indeed, in his

brief Quesnel essentially concedes that he was a member of the

bargaining unit of the CBA, and maintains that he could have 

invoked the CBA's grievance and arbitration procedures, but

properly chose not to. Quesnel cannot pick and choose among his

avenues of remedy, however; having been a member of the

bargaining unit and received the benefits of the CBA while

employed, Quesnel cannot now disclaim it. The grievance

procedures set forth in the CBA is exclusive of other dispute

resolution mechanisms.

Finally, we do not think that the Agent's Agreement

displaces or in any way substitutes for the CBA. The Agent's

Agreement does not deal with terms and conditions of employment

or with grievance procedures, as does the CBA. Rather, the

-8-

Agent's Agreement merely delineates Prudential's business

policies applicable to district agents. Moreover, Articles XXVI

and XXVII of the CBA specifically reference and amend the Agent's

Agreement, a strong indication that the Agent's Agreement is not

intended to supplant, but merely to supplement, the CBA. We

therefore find that Quesnel is subject to the terms of the CBA,

and that his claims are, accordingly, preempted.

CONCLUSION CONCLUSION

For the foregoing reasons, we affirm. 

-9-