72 F.3d 137
 131 Lab.Cas. P 11,469
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Andrew GALWAY, Plaintiff-Appellant,
v.
SMITH'S FOOD AND DRUG CENTER, INC., a corporation, Defendant-Appellee,
 No. 94-4224.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1995.
 
 Before TACHA, MCWILLIAMS, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Andrew Galway sued Smith's Food and Drug Centers, Inc. for breach of employment contract, abusive discharge, and intentional infliction of emotional distress. The district court granted summary judgment in favor of Smith's, and Galway appeals. Our jurisdiction arises under 28 U.S.C. 1291. We affirm.
 
 
 2
 Galway was employed by Smith's until April 14, 1993, when he was discharged for allegedly destroying company property. Galway was a member of the United Food and Commercial Workers Union, Local 711, and was a beneficiary of a collective-bargaining agreement between Smith's and the union called the Foodhandler's Agreement. Galway filed suit in Utah state court claiming that he was terminated in violation of the Foodhandler's Agreement. Smith's removed the case to federal court, and Galway filed a motion to remand. The district court denied the motion.
 
 
 3
 Smith's then filed a 12(b)(6) motion to dismiss the case for failure to state a claim upon which relief can be granted. Since both parties submitted evidence outside the pleadings, the district court properly treated Smith's motion as a motion for summary judgment. Fed.R.Civ.P. 12(b); Ketchum v. Cruz, 961 F.2d 916, 919 (10th Cir.1992); Nichols v. United States, 796 F.2d 361, 364 (10th Cir.1986). The district court granted the motion as to all claims. Galway now appeals both the order denying his motion to remand and the order granting summary judgment.
 
 
 4
 Galway's notice of appeal states only that he appeals the order granting summary judgment; the notice of appeal does not indicate that he appeals the denial of his motion to remand. Under Rule 3(c) of the Federal Rules of Appellate Procedure, "the notice of appeal ... shall designate the judgment, order or part thereof appealed from...." The requirements of Rule 3 are jurisdictional: fulfillment of the requirements is a prerequisite to appellate review, and noncompliance is "fatal to an appeal." Smith v. Barry, 502 U.S. 244, 248 (1992). Because Galway failed to comply with Rule 3 by not including the denial of his motion to remand in his notice of appeal, we have no jurisdiction over that claim. Thus we consider only Galway's appeal of the order granting summary judgment to Smith's.
 
 
 5
 Galway claims that Smith's terminated his employment in violation of the Foodhandler's Agreement. Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. 185, governs a cause of action for breach of a collective-bargaining agreement. Section 301 preempts all state law causes of action for violation of a collective-bargaining agreement. United Steelworkers of America v. Rawson, 495 U.S. 362, 368 (1990). Thus section 301 preempts Galway's state law claims for wrongful discharge, intentional infliction of emotional distress, and breach of implied contract of employment.
 
 
 6
 When state law claims can be resolved only by interpretation of a collective bargaining agreement, those claims are preempted by federal labor-contract law. Allis-Chalmers v. Lueck, 471 U.S. 202, 218-221 (1985). This circuit has held that state law claims for wrongful discharge are preempted by section 301, because determination of an employer's liability requires interpretation of the collective bargaining agreement provisions governing employee discharge. Saunders v. Amoco Pipeline, 927 F.2d 1154, 1156 (10th Cir.), cert. denied, 112 S.Ct. 264 (1991). Thus Galway's wrongful termination claim fails.
 
 
 7
 Section 301 also preempts Galway's claim for intentional infliction of emotional distress. A claim for intentional infliction of emotional distress is preempted when the claim involves an employee's discharge, the allegations relate to rights derived from a collective bargaining agreement, and the employee could have used the grievance procedure in the collective bargaining agreement to seek redress. Johnson v. Beatrice Foods Co., 921 F.2d 1015, 1020 (10th Cir.1990). In his intentional infliction of emotional distress claim, Galway asserts that he did not steal company property and that he was discharged because he refused to admit guilt. Thus Galway's claim relates to the manner in which he was discharged and his right under the collective bargaining agreement to be discharged only for cause. However, neither Galway nor the union pursued his grievance to arbitration. Consequently, section 301 preempts his intentional infliction of emotional distress claim.
 
 
 8
 Section 301 preempts Galway's state law claim for breach of implied contract as well. The employee handbook for Smith's required that employees be given a chance to rehabilitate themselves before they are terminated. Galway argues that these terms created an implied contract that was breached by his discharge. However, any implied contract involving employee discharge could not have operated apart from the Foodhandler's Agreement. The Agreement governed employee discharges and provided grievance and arbitration procedures through which the employee could challenge a discharge as wrongful. A determination that Smith's breached the terms of a contract implied in the employee handbook would require interpretation of the employee discharge provisions in the collective bargaining agreement. Therefore this claim, like Galway's other state law claims, is preempted by the LMRA.
 
 
 9
 Galway's claim for breach of the Foodhandler's Agreement could have proceeded only as a section 301 claim. Before bringing suit under section 301, an employee must pursue the contractual remedies upon which the union and the employer have agreed. United Paperworks Int'l Union v. Misco, Inc., 484 U.S. 29, 37 (1987). The Foodhandler's Agreement states that an employee should bring claims or grievances involving interpretation, application, or violation of the provisions of the Agreement to his immediate supervisor. If no agreement can be reached with the employee's immediate supervisor, an employee "may" pursue the grievance to arbitration. However, the arbitration provision is effectively mandatory because a grievance is forfeited and waived if the employee does not request arbitration.
 
 
 10
 The day after Galway was discharged, the union bypassed his immediate supervisor and filed a grievance on his behalf with Smith's vice president and corporate counsel, Peter Barth. Barth responded that Galway's discharge was justified by evidence that he had destroyed cash register tapes belonging to the company. The district court held that bypassing Galway's immediate supervisor was not fatal to his claim. However, neither Galway nor the union pursued the claim to arbitration, even though Galway strenuously contested both the assertion that he stole company property and the manner in which he was discharged. Since his claim was not pursued to arbitration, it was forfeited and waived.
 
 
 11
 When an employee's grievance is forfeited and waived because the union failed to pursue it, the employee must demonstrate that the union breached its duty of fair representation in order to sue the employer for breach of the collective bargaining agreement. DelCostello v. International Bd. of Teamsters, 462 U.S. 151, 164-65 (1983). While the employee need not name the union as a defendant in the suit against the employer, the employee must "carry the burden of demonstrating breach of duty by the Union.' " Id. at 165. In his complaint, Galway did not allege that the union breached its duty of fair representation by failing to pursue his grievance. Thus Galway's failure to allege that the union breached its duty, coupled with his failure to exhaust contractual remedies under the Foodhandler's Agreement, are fatal to the section 301 claim.
 
 
 12
 For these reasons, we AFFIRM the district court's order granting summary judgment.
 
 
 13
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470