James **SAUNDERS**, Plaintiff–Appellant,

v.

**AMOCO PIPELINE COMPANY,**
Defendant–Appellee.

No. 90–1045.

United States Court of Appeals,
Tenth Circuit.

March 13, 1991.

---

Dennis J. Sladek, Colorado Springs, Colo., for plaintiff-appellant.

Charles W. Newcom and Elizabeth I. Kiovsky of Sherman & Howard, Denver, Colo., for defendant-appellee.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Plaintiff commenced this action against his former employer in state court, asserting two claims challenging the termination of his employment: 1) defendant created a hostile work environment which forced plaintiff to resign his position, amounting to a constructive discharge; and 2) defendant was negligent in maintaining a hostile work environment. Defendant removed this action to federal court based upon diversity jurisdiction. Plaintiff appeals from the district court's order granting defendant's motion for summary judgment.[1] We affirm.

■ This court will review an order granting summary judgment de novo, viewing the record in the light most favorable to the nonmoving party. *Ewing v. Amoco Oil Co.*, 823 F.2d 1432, 1437 (10th Cir.1987). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

■ Section 301 of the Labor Management Relations Act (29 U.S.C. § 185(a)), preempts state causes of action addressing "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, ... whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 210–11, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985); *see also United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus., Local No. 57 v. Bechtel Power Corp.*, 834 F.2d 884, 888 (10th Cir.1987), *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). When resolution of a state law claim depends upon analysis of the terms of a labor agreement, section 301 will preempt that claim. *Bechtel Power*, 834 F.2d at 888 (quoting *Allis–Chalmers*, 471 U.S. at 220, 105 S.Ct. at 1916).

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

**1156**

■] Plaintiff's two state law claims essentially asserted causes of action for wrongful discharge. The applicable collective bargaining agreement between defendant and its employees governs employee discharges and provides grievance and arbitration procedures through which an employee can challenge a discharge as wrongful. Because any determination of defendant's liability under the state law claims would, thus, inevitably involve interpretation of the collective bargaining agreement, section 301 preempted these claims. *See Bechtel Power,* 834 F.2d at 889 (citing *Allis-Chalmers,* 471 U.S. at 217, 218, 220, 105 S.Ct. at 1914, 1915, 1916).

Plaintiff argues that section 301 did not preempt these state law claims because interpretation of the collective bargaining agreement was unnecessary, in light of the fact that plaintiff was not a member of the union. Union membership, however, is irrelevant to the applicability of a collective bargaining agreement. *See Hodges v. Atchison, T. & S.F. Ry.,* 728 F.2d 414, 417 (10th Cir.), *cert. denied,* 469 U.S. 822, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984). Rather, an individual employed in a craft governed by a collective bargaining agreement is bound by the terms of that agreement, regardless of his union membership. *Id. See generally Baker v. Amsted Indus., Inc.,* 656 F.2d 1245, 1248–49 (7th Cir.1981) (union designated by majority of employees in bargaining unit shall be the exclusive representative of all employees in that unit, even those employees who preferred a different representative or no representative at all; collective bargaining agreement negotiated by representative becomes "the law of the plant for all employees"), *cert. denied,* 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 468 (1982). Plaintiff, therefore, was bound by the terms of the collective bargaining agreement as a member of the applicable bargaining unit.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.