**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PAUL J. HERNANDEZ,

       Plaintiff-Appellant,

v.

THE DENVER POST, a Colorado
corporation; THOMAS F.
McCARTHY, Senior Customer
Service Manager,

       Defendants-Appellees,

   and

RYAN McKIBBEN, LORA
KREAGER, and THE DENVER
NEWSPAPER GUILD, LOCAL 74,
AFL-CIO,

       Defendants.

No. 98-1302
(D.C. No. 96-WM-2644)
(D. Colo.)

ORDER AND JUDGMENT *

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Paul J. Hernandez appeals the district court's judgment in favor of all defendants on his claims for breach of contract, interference with contractual relations, conspiracy against probationary employees, and negligence. We affirm the judgment entered in favor of defendants The Denver Post and Thomas McCarthy, but remand for modification of the judgment to reflect the district court's dismissal of the other defendants without prejudice.

From August 13, 1996, to October 10, 1996, plaintiff was employed by The Denver Post as a probationary employee. Thomas McCarthy was his supervisor. When hired, plaintiff was given a training manual containing department policies and procedures, including The Denver Post's policies regarding absenteeism and tardiness. On September 12, 1996, plaintiff was given a warning because he was absent three times during his first month of employment. Plaintiff then sought and received a copy of the collective bargaining agreement between his union and The Denver Post. On September 28, 1996, plaintiff was required to read and sign a form containing The Denver Post's tardiness and absenteeism policies. On

October 10, 1996, the Denver Post terminated plaintiff because of excessive absenteeism and poor performance.

Plaintiff originally brought this action in state court against defendants The Denver Post, Thomas McCarthy, Ryan McKibben, the Denver Newspaper Guild, and Lora Kreager. Over his objection, the case was removed to federal court. In June 1997, plaintiff voluntarily dismissed his claims against Ryan McKibben, the Denver Newspaper Guild, and Lora Kreager, and on July 7, 1997, the district court entered an order dismissing the case against these three defendants "without prejudice." R. I, doc. 71.

On August 5, 1998, the district court granted The Denver Post's and McCarthy's motions to dismiss, holding that plaintiff's state law claims were preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and that the claims could not be treated as § 301 claims because plaintiff had not exhausted his administrative remedies. The court's order noted that only the claims against these two defendants remained after its earlier dismissal of the other defendants. See R. II, doc. 102 at 1-2. The court's judgment, however, purported to enter in favor of all five defendants, including Ryan McKibben, Denver Newspaper Guild, and Lora Kreager. See id., doc. 103.

On appeal, plaintiff argues the case should not have been removed from state court, that his claims were not preempted by the LMRA, and that all five of

the original defendants are parties to this appeal.  We review both the district court's removal decision and its preemption decision de novo.  See Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994) (removal); Mount Olivet Cemetery Ass'n v. Salt Lake City, 164 F.3d 480, 486 (10th Cir. 1998) (preemption).

Section 1441(a) of Title 28 authorizes the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  Actions arising under § 301 of the LMRA are within the federal court's original jurisdiction.  See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 559-60, 562 (1968) (holding claim under collective bargaining agreement was within "original jurisdiction"of federal court as used in removal statute); 29 U.S.C. § 185(a).

Further, § 301 preempts any state claim alleging the violation of a collective bargaining agreement or requiring an analysis of the terms of such an agreement.  See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210-13 (1985) (holding § 301 preempts both state contract claims arising under a collective bargaining agreement and state tort claims that are "inextricably intertwined with consideration of the terms of the labor contract");  Saunders v. Amoco Pipeline Co., 927 F.2d 1154, 1155 (10th Cir. 1991) ("When resolution of a state law claim

-4-

depends upon analysis of the terms of a labor agreement, section 301 will preempt that claim.").

Here, plaintiff's complaint alleged that defendants violated the collective bargaining agreement by failing to give him reasonable advance notice of his performance weaknesses, by terminating him without sufficient cause, and by ignoring his challenge to the policy of providing taxi money for female employees but not for males.    See R. I, doc. 1, attached complaint at 3-4.  He alleged also that his employment contract consisted of both the collective bargaining agreement and The Denver Post's company policies, that defendants breached this contract by dismissing him on pretextual grounds, that defendant McCarthy conspired to breach plaintiff's employment contract and interfere with plaintiff's contractual relations by dismissing him without cause, and that defendant The Denver Post was negligent in failing to prevent this conspiracy or protect the rights of probationary employees by fully explaining the collective bargaining agreement and company policies.    See id. at 4-6.  As these allegations directly implicated the collective bargaining agreement between the union and The Denver Post, defendants were entitled to remove the case to federal court.    See Caterpillar, Inc. v. Williams   , 482 U.S. 386, 399 (1987) ("When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has chosen to

plead what we have held must be regarded as a federal claim, and removal is at the defendant's option.").

Plaintiff argues that his complaint referenced the collective bargaining agreement only to show that the agreement was repudiated by The Denver Post's training manual, and that therefore his state claims did not arise under the collective bargaining agreement. A careful reading of plaintiff's complaint does not support this argument, however. Instead, plaintiff expressly relied on the terms of the collective bargaining agreement to establish his breach of contract and tort claims.

When a party's state law claims are preempted under § 301, the court must either dismiss the claims as preempted or treat them as arising under § 301. See Allis-Chalmers Corp., 471 U.S. at 220-21. Here, the district court held that plaintiff's claims could not be treated as § 301 claims because he failed to exhaust the grievance procedures set out in the collective bargaining agreement. As plaintiff does not challenge this ruling on appeal, we will assume it is correct. See GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1387-88 (10th Cir. 1997) (holding appellant's failure to address district court's alternative ground was tantamount to conceding the ruling was correct). [1]

---

[1] We note that plaintiff, as a probationary employee, was not entitled to grieve his termination. Even if we assume this limitation somehow excused his

(continued...)

-6-

Plaintiff has asked us to reinstate his claims against defendants Ryan McKibben, the Denver Newspaper Guild, and Lora Kreager, and to treat them as parties to this appeal. Although such relief would be inappropriate, we agree that the district court erred in entering judgment in favor of these three defendants. Therefore, the case must be remanded with directions to correct the judgment to reflect the district court's dismissal of the claims against these defendants "without prejudice."

---

[1](...continued)
duty to exhaust, plaintiff cannot maintain an action under § 301 because he had no enforceable rights under the collective bargaining agreement. The agreement specifically withheld tenure rights from probationary employees, thereby permitting their termination without cause. See R. I, doc. 88, attached collective bargaining agreement at 6-7. One of the very provisions relied upon by plaintiff, in fact, requiring "reasonable advance notice" of performance weaknesses to probationary employees, clarified that the requirement did not create tenure rights or the right to grieve a termination. See id. As § 301 does not create rights beyond those contained in the collective bargaining agreement, plaintiff may not obtain relief under the statute.

Plaintiff's lack of remedy does not affect the removal analysis, however, because his suit to enforce rights under the collective bargaining agreement is preempted by § 301 regardless of whether he actually has a remedy under the statute. See, e.g. , Avco Corp. , 390 U.S. at 560-61 (holding § 301 case properly removed even if requested remedy not available upon removal); Chmiel v. Beverly Wilshire Hotel Co. , 873 F.2d 1283, 1287 (9th Cir. 1989) (holding § 301 preempted employee's state claims and case was properly removed even if he was not entitled to a "for cause" standard or access to the grievance procedures under the collective bargaining agreement). This ensures the primacy of the bargained-for procedures to be used in disputes under the collective bargaining agreement, even if the employee's remedy is thereby eliminated.

Plaintiff's motion for in forma pauperis status is GRANTED. The judgment of the United States District Court for the District of Colorado is AFFIRMED as to defendants The Denver Post and Thomas McCarthy, and the case is REMANDED for correction of the judgment.

Entered for the Court

Wade Brorby
Circuit Judge