NO. 07-00-0318-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 22, 2001

______________________________

GEORGENE SALMON, APPELLANT

V.

PAUL BLAKE ENTERPRISES, INC., APPELLEE

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF RANDALL COUNTY;

NO. 45,292-B; HONORABLE SAMUEL C. KISER, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Georgene Salmon challenges judgment rendered by the trial court upon a bench trial confirming the addendum decision by arbitration dated August 5, 1997, and decreeing that Paul Blake Enterprises, Inc. recover $37,145.67, plus interest in the amount of $7,785.31 and attorney’s fees from Salmon.  By two issues, Salmon contends that (1) the trial court erred in rendering judgment confirming the arbitration award because she never agreed to arbitrate the issue relating to the foundation work, and (2) that the original decision issued by the arbitrator was a final decision.  Based on the rationale expressed herein, we affirm.

In 1996, Salmon employed Blake, by an oral contract, to repair the foundation of her home which work was covered by her homeowner’s policy and funded by a check issued by the insurance company in the amount of $37,145.67.  During the course of the foundation work, Salmon requested that Blake perform additional remodeling work and the parties orally agreed on a price of $11,208.23 for the remodeling.  After some changes in the remodeling project requested by Salmon when the initial work was completed, Blake submitted his final bill for the remodeling in the amount of $19,736.85.  Salmon refused to pay the remodeling bill and also withheld payment on the foundation repair. 

Although the parties had not originally agreed to arbitration, without the advice of counsel, Blake and Salmon then entered into a written “Agreement to Arbitrate” through the Better Business Bureau’s alternative dispute resolution service.  Among other things, the agreement prepared by the Better Business Bureau provided as follows: 

Nature of Dispute:

Customer states original bid for remodeling work to be done was $11,208.23.  She received a bill from Mr. Blake in January for $19,736.85.  She states she made some changes after getting original bid but was not advised of costs for changes.  Ms. Salmon states some of the work still not completed to her satisfaction.

Business states all work was done as requested by customer and that costs incurred for changes to original bid were reasonable and done in good faith.

Decision sought:

Consumer states she is willing to settle the remodeling bill by paying Mr. Blake $15,000 . . . . Business seeks to have this claim denied . . . . Mr. Blake also is seeking release of insurance repair money due to him in the amount of $37,145.67.

After the dispute was submitted to arbitration, the arbitrator issued a decision on July 3, 1997, that upon completion of five items by Blake before July 31, 1997, Blake was to be paid $20,018.18. The July 3 decision declined to make any award for the foundation repairs, because the matter “should be resolved through the insurance company, Georgene Salmon and Paul Blake Construction, since this was not an issue specifically stated in the Agreement to Arbitrate” by Salmon.  When Blake completed the five items,  Salmon paid the $20,018.18 awarded by the arbitrator.  Then, on August 5, 1997, the arbitrator issued an addendum decision requiring Salmon to sign over the $37,145.67 paid by the insurance company or to pay Blake that same amount.  Salmon contends that she did not agree to arbitrate the issue relating to the foundation work and that the arbitrator could not render a second decision after his initial decision on July 3, 1997.  We disagree. 

 By her first issue, Salmon contends she did not agree to arbitration of the foundation repair.  Although a party cannot be required to submit a dispute to arbitration that the party has not agreed to submit, United Parcel Service, Inc. v. McFall, 940 S.W.2d 716, 718 (Tex.App.--Amarillo 1997, no writ), public policy favors arbitration and any doubt as to whether a particular claim falls within the scope of an arbitration agreement is resolved in favor of arbitration.  Prudential Securities, Inc. v. Marshall, 909 S.W.2d 896, 898-99 (Tex. 1995).  The weight of this policy is so great that it compels a court to presume that the matter is subject to arbitration until the opponent proves otherwise.  
United Parcel Service, Inc.,
 940 S.W.2d at 719.  In this review, we must also consider the findings made by the trial judge.

Standard of Review  

Findings of fact entered in a case tried to the bench have the same force and dignity as a jury’s verdict upon questions.  Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).  A trial court’s findings of fact are reviewable for legal and factual sufficiency by the same standards applied in reviewing the sufficiency of the evidence supporting a jury’s finding.  
Id.  
In reviewing a no evidence issue, we consider only the evidence and reasonable inferences therefrom which, when viewed in their most favorable light, support the court's findings, disregarding all evidence and inferences to the contrary.  Lewelling v. Lewelling, 796 S.W.2d 164, 166 (Tex. 1990).  If there is more than a scintilla of evidence to support the finding, the no evidence challenge must fail.  
Id
.  In considering a factual sufficiency issue, we review all the evidence and reverse only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust.  Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1962).  We are not to reweigh the evidence and set aside the finding merely because we feel that a different result is more reasonable.  
Pool
, 715 S.W.2d at 634.  The trier of fact is the sole judge of the credibility of the witnesses and the weight given their testimony, Leyva v. Pacheco, 358 S.W.2d 547, 549 (Tex. 1962), and may believe one witness and disbelieve another and resolve inconsistencies in testimony.  McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986).  We are not so bound by the trial court’s conclusions of law, and review those conclusions 
de novo
 to determine their correctness.  Hydrocarbon Mgt. v. Tracker Exploration, 861 S.W.2d 427, 431 (Tex.App.--Amarillo 1993, no writ).

After hearing testimony from both parties to the agreement, by fact finding number 4, the trial judge found that the parties intended to arbitrate “all disputed matters between Salmon and Blake arising from Blake’s remodeling work and foundation repair  . . . .”   The trial court was required to presume that the parties to the agreement intended every clause to have some effect, and could not ignore the provision that Blake “also is seeking release of insurance repair money due to him in the amount of $37,145.67,”  Heritage Resources, Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996).  Applying the foregoing standard of review and considering our decision in United Parcel Service, Inc
., 
940 S.W.2d at 719
, 
we cannot conclude that fact finding 4 is so against the great weight and preponderance of the evidence as to be manifestly unjust.  Issue one is overruled.

By her second issue, Salmon contends that the July 3, 1997 decision was final.  We disagree.  Salmon does not cite any case or statutory authority in support of her argument and likewise, we have found none.  However, for this purpose, we look to the rules of the Better Business Bureau (BBB) because arbitration was the subject of the contract and the parties were free to agree which procedural rules govern the arbitration.  
See
 In re Conseco Fin. Servicing Corp., 19 S.W.3d 562, 567 (Tex.App.--Waco 2000, pet. dism’d by agr.).  As material herein, the Rules of the BBB provide in part:

Rule 4- Agreement to Arbitrate

The BBB shall prepare an 
Agreement to Arbitrate 
(emphasis in original) that briefly describes the nature of the dispute and the decision sought as they are viewed by you and the other party.

*   *   *

The 
Agreement to Arbitrate
 (emphasis in original) shall be given to the consumer by the BBB prior to the hearing.  If the consumer agrees with the general description of his or her side of the dispute and the decision sought, the consumer shall sign the 
Agreement to Arbitrate
 (emphasis in original) and return it to the BBB. . . .

 

The consumer should contact the BBB at once if he or she disagrees with the general description of his or her case.

*   *   *

Rule 28 - The Decision

*   *   *

B.  Types of Decisions

The arbitrator may render either a 
final
 or 
interim
 decision (emphasis in original).

1.  If the arbitrator renders a 
final decision
, 
(emphasis in original) the arbitrator has no further authority . . . .

2.  An 
interim decision
 (emphasis in original) may be written when the decision requires some action to be taken.  If the arbitrator renders a[n] interim decision, the arbitrator maintains continuing authority over the execution of the decision in accordance with the specific terms set out in the decision. . . .

 

*   *   *

Better Business Bureau Rules of Arbitration (Binding), §28(B)(1) & (2).

Here, the arbitrator gave Blake until July 31, 1997, to complete a list of additional items by his decision dated July 3, 1997.  The additional work is “some action to be taken” under the Rule 28(B)(2) set out above.  The arbitrator’s first ruling was not therefore a final ruling because additional work had to be completed and accepted as satisfactory before a final decision would have been appropriate.  We have not overlooked Salmon’s argument that the first decision was a combination final and interim decision; however, the rules do not contemplate a decision which is final for some, but not all, purposes.  Salmon’s second  issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

        Justice

Do not publish

Johnson, J., concurring.