6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00047-CV
______________________________



IN RE:
PARIS PACKAGING, INC.





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Original Mandamus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross



O P I N I O N

Â Â Â Â Â Â Â Â Â Â Vernon Moore filed suit for retaliatory discharge and discrimination against his
former employer, Paris Packaging, Inc. Paris Packaging successfully moved the trial court
to order the parties to arbitration pursuant to a collective bargaining agreement. Months
later, Moore claimed he could not afford to pay for the arbitrator and, on that basis,
successfully moved the trial court to reconsider its prior order of arbitration. Paris
Packaging is now before this Court seeking a writ of mandamus ordering the Honorable
Jim D. Lovett to vacate his order granting Moore's motion to reconsider, to order the parties
to arbitration, and to stay all proceedings in the trial court pending resolution of the
arbitration.
Factual and Procedural History
Â Â Â Â Â Â Â Â Â Â Paris Packaging operates a unionized facility in Paris, Texas. The employees at
Paris Packaging are represented by the United Food and Commercial Workers
International Union, Local 540 (the Union). Paris Packaging and the Union entered into
a collective bargaining agreement (the CBA) effective June 30, 1998. In the CBA, the
parties formally recognized that "should the company re-instate either the over-the-road
truck drivers or truck maintenance departments . . . UFCW Local 540 would retain
jurisdiction." In November 1998, in a memorandum of understanding, Paris Packaging and
the Union specifically modified the CBA to include in the bargaining unit over-the-road truck
drivers and truck maintenance employees. 
Â Â Â Â Â Â Â Â Â Â Paris Packaging hired Moore in January 1999 as an over-the-road truck driver. 
Moore sustained an on-the-job injury January 31, 2000.


 He applied for and received
worker's compensation benefits for the injury sustained. He stayed absent from work for
more than 180 days.


 On October 17, 2000, Paris Packaging terminated Moore. 
Â Â Â Â Â Â Â Â Â Â On April 1, 2002, Moore sued Paris Packaging for retaliatory discharge


 and
discrimination. Relying on Texas common law and federal labor law,


 Paris Packaging
moved to stay the proceeding and compel arbitration in accordance with the following
provisions in the CBA:
[S]hould dispute arise between an employee and the Company as to the
application and interpretation of . . . this Agreement, it shall be filed and
processed through the procedure outlined herein.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â . . . .
Â 
The notice of appeal to arbitration shall be given in writing by the party
appealing the case to the other party within fifteen (15) working days after
presentation to the Plant Manager or his representative in Step 3 of
GRIEVANCE PROCEDURE.
On February 18, 2003, the trial court heard Paris Packaging's motion to compel arbitration
and granted such motion. 
Â Â Â Â Â Â Â Â Â Â On September 5, 2003, Moore filed a motion to reconsider the prior order. For the
first time, Moore argues that forcing him to proceed with arbitration would violate his
guarantee to due process of law because he is unable to pay for the arbitration services. 
At the hearing on Moore's motion to reconsider, held February 19, 2004, Paris Packaging
urged the trial court to overrule Moore's motion on the basis of the following provision in
the CBA that obligated Paris Packaging and the Union to bear the cost of the arbitrator:
Any expenses incident to the services of the impartial arbitrator and the
Association shall be borne equal[ly] by the Company and the Union. All
other costs incidental to the arbitration proceedings shall be borne by the
party incurring the cost. 
Moore testified that, at the time of the hearing, he was not a member of the Union.


 He
acknowledged he had never contacted the Union regarding payment of its part of the cost
for the arbitrator under the CBA. 
Â Â Â Â Â Â Â Â Â Â The trial court agreed with Moore's argument and granted his motion to reconsider. 
After it found that Moore did not have the means to pay for the arbitration services,


 the
trial court rendered the following three conclusions of law: 
1. It is unconstitutional and unconscienable [sic] to compel [Moore] to
arbitration, when [he] does not have sufficient funds to pay the arbitrator.
Â 
2. Requiring payment from someone who cannot afford to pay arbitration
fees undermines remedial and deterrent function of the anti-discrimination
law.
Â 
3. [Moore] has no standing to request the union to pay his arbitration
expenses as provided in the collective bargaining agreement.

Mandamus
Â Â Â Â Â Â Â Â Â Â Mandamus will issue when a trial court commits a clear abuse of discretion for which
the relator has no adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992) (orig. proceeding). Mandamus review of a trial court's legal conclusions is much less
deferential than its review of the trial court's findings of fact. Id. at 840. A trial court has
no discretion in determining what the law is or in its application of the law to the facts. Id. 
Therefore, a trial court abuses its discretion if it misapplies the law to the facts of the case
before it. See Prudential Sec., Inc. v. Marshall, 909 S.W.2d 896, 900 (Tex. 1995) (orig.
proceeding). 
Â Â Â Â Â Â Â Â Â Â Because the agreement at issue here is a collective bargaining agreement, it falls
outside the scope of the Texas Arbitration Act.


 See Tex. Civ. Prac. & Rem. Code Ann.
Â§Â 171.002(a)(1) (Vernon Supp. 2004); United Parcel Serv., Inc. v. McFall, 940 S.W.2d 716,
718 (Tex. App.âAmarillo 1997, orig. proceeding). Thus, the trial court's decision to deny
arbitration is not appealable under Tex. Civ. Prac. & Rem. Code Ann. Â§ 171.098 (Vernon
Supp. 2004), and mandamus is the appropriate procedure for review of that decision. See
Cantella & Co. v. Goodwin, 924 S.W.2d 943, 945 (Tex. 1996) (orig. proceeding); United
Parcel Serv., Inc., 940 S.W.2d at 718. 
Analysis 
Â Â Â Â Â Â Â Â Â Â Initially, we must focus our analysis on the relevant issue. Moore's response to
Paris Packaging's petition addresses issues that are not before us. For instance, Moore
argues that resolution of this matter will not involve interpretation of the CBA


 and that, at
any rate, the CBA cannot apply to him because he is an at-will employee and because he
did not sign the CBA or the modification. Rather, argues Moore, he signed another
document which attempted to bind him to arbitration, a document which bound him only
and, thus, was unenforceable.


 The trial court made its determination, however, based on
three conclusions of law, none of which discuss the subject matter of the dispute as it
relates to the arbitration agreement or the relevance of Moore's failure to sign the CBA. 
The trial court expressly limited its decision to one based on Moore's argument that he was
unable to pay for the arbitration. 
Â Â Â Â Â Â Â Â Â Â Unions are obligated to represent the interests of all employees in a bargaining unit
governed by a collective bargaining agreement, regardless of whether the employee is a
union member. See Quesnel v. Prudential Ins. Co., 66 F.3d 8, 11 (1st Cir. 1995); Roscello
v. Southwest Airlines Co., 726 F.2d 217, 224 (5th Cir. 1984); Smith v. Sheet Metal Workers
Int'l Ass'n, 500 F.2d 741, 749 (5th Cir. 1974); Turner v. Air Transp. Dispatchers' Ass'n, 468
F.2d 297, 301 (5th Cir. 1972). This means union membership is irrelevant to the
applicability of a collective bargaining agreement. See Saunders v. Amoco Pipeline Co.,
927 F.2d 1154, 1156 (10th Cir. 1991); Hodges v. Atchison, T. & S.F. Ry., 728 F.2d 414,
417 (10th Cir. 1984). Rather, an individual employed in a craft governed by a collective
bargaining agreement is bound by the terms of that agreement, regardless of his or her
union membership. See Saunders, 927 F.2d at 1156; Baker v. Amsted Indus., Inc., 656
F.2d 1245, 1248â49 (7th Cir. 1981). Contractual provisions of a collective bargaining
agreement, including those covering wages and conditions, apply equally to all employees,
whether union or nonunion. See Wallace Corp. v. Nat'l Labor Relations Bd., 323 U.S. 248,
255 (1944); Hammons v. Adams, 783 F.2d 597, 601 (5th Cir. 1986); Holley v. Painters
Local Union No. 318, 376 S.W.2d 44, 47 (Tex. Civ. App.âFort Worth 1964, writ ref'd
n.r.e.).
Â Â Â Â Â Â Â Â Â Â Moore's testimony that, at the time of the hearing on his motion to reconsider, he
was not a member is irrelevant. In fact, Moore's membership status is entirely irrelevant
in that, regardless of whether he was a member, even at the time of his injury and
termination, the CBA would apply because Moore belonged to the bargaining unit for which
the CBA specifically provided. By the terms of the modified CBA, Moore, as an over-the-road truck driver, falls within the parameters of the CBA between his employer and the
Union. Therefore, Section 3 of Article 5 of the CBA expressly requires Paris Packaging
and the Union to pay for the services of the arbitrator in this dispute.


 
Conclusion
Â Â Â Â Â Â Â Â Â Â The trial court's conclusion that Moore had no standing to enforce the payment
provisions in the CBA represents a misapplication of the law to these facts and, thus,
constitutes an abuse of discretion. Having determined that Paris Packaging has no
adequate remedy at law for the trial court's decision, we conditionally grant Paris
Packaging's petition for writ of mandamus. The writ will issue only if, within thirty days of
this opinion, Respondent, Honorable Jim D. Lovett, has failed to vacate the order
reconsidering his prior order, to order the parties to arbitration, and to stay the proceedings
in the trial court pending resolution of the arbitration.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â May 24, 2004
Date Decided:Â Â Â Â Â Â Â Â Â May 25, 2004




ab-count:1'>   ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.
06-10-00111-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
RE:Â  ANDREW JACKSON

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Original
Mandamus Proceeding

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before
Morriss, C.J., Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum
Opinion by Chief Justice Morriss

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Inmate Andrew Jackson filed a civil
suit against Gayle Hadaway in the 115th Judicial District Court of Upshur
County, Texas.Â  His petition for writ of
mandamus complains that the trial court allegedly failed to rule on a motion
for default judgment.Â  Jackson asks this
Court to compel the trial court to rule on the motion and award damages.Â Â  

Â Â Â Â Â Â Â Â Â Â Â  Mandamus is an extraordinary remedy
that issues only to correct a clear abuse of discretion or violation of a duty
imposed by law when no other adequate remedy by law is available.Â  In re Ford
Motor Co., 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding ) (citing Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992)).Â  Due to the nature of this
remedy, it is JacksonÂs burden to properly request and show entitlement to the
mandamus relief.Â  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.ÂHouston [1st Dist.]
1992, orig. proceeding) (per curiam) (ÂEven a pro se applicant for a writ of
mandamus must show himself entitled to the extraordinary relief he seeks.Â). 

Â Â Â Â Â Â Â Â Â Â Â  The absence of a mandamus record
prevents us from evaluating the circumstances of this case and, consequently,
the merits of JacksonÂs complaints.Â  Tex. R. App. P. 52.7; Barnes, 832 S.W.2d at 426. Â Therefore, we must deny his petition for writ
of mandamus.Â  

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  October 21, 2010

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  October 22, 2010